```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------
GREGORY KELLAM,

                    Petitioner,           06 Civ. 4395 (JGK)

        - against -                       MEMORANDUM OPINION AND
                                          ORDER
CARL HUNT, Superintendent,

                    Respondent.
------------------------------------
```

**JOHN G. KOELTL, District Judge:**

This is a pro se petition for habeas corpus pursuant to 28 U.S.C. § 2254 brought by Gregory Kellam, who is currently incarcerated at Gouverneur Correctional Facility in Gouverneur, New York. On May 13, 2003 the petitioner pleaded guilty in New York State Supreme Court, New York County, to one count of criminal possession of a dangerous weapon in the third degree in violation of New York Penal Law § 265.02(1) and one count of attempted grand larceny in the fourth degree in violation of New York Penal Law §§ 110.00, 155.30(5).

On May 27, 2003 the petitioner was sentenced, as a second felony offender, to an indeterminate prison sentence of two to four years on the weapon charge. The petitioner appealed to the New York State Supreme Court, Appellate Division, First Department, which on January 25, 2005 unanimously affirmed the petitioner's judgment of conviction. The petitioner's application for leave to appeal to the New York Court of Appeals

was denied on July 05, 2005. In his current petition, the petitioner challenges his conviction on three grounds. First, the petitioner alleges that the trial court added an offense not charged by the indictment. Second, the petitioner alleges that a police officer gave false testimony before the Grand Jury. Third, the petitioner alleges that the evidence before the Grand Jury was insufficient. For the reasons that follow, the petition for a writ of habeas corpus is denied.

**I.**

By New York County Indictment No. 7255/02, a Grand Jury charged the petitioner with four violations of the New York Penal Law. (See Indictment, attached as Ex. A to Decl. of Thomas B. Litsky in Opp'n to the Pet. for a Writ of Habeas Corpus, Dec. 12, 2006 ("Litsky Decl.").) Count One charged the petitioner with attempt to commit the crime of robbery in the first degree for forcibly attempting to steal property from Larry Steele using a dangerous instrument in violation of New York Penal Law §§ 110.00, 160.15(3). Count Two charged the petitioner with attempt to commit the crime of robbery in the second degree for forcibly attempting to steal property from Larry Steele while aided by another person actually present in violation of New York Penal Law §§ 110.00, 160.10(1). Count Three charged the petitioner with the crime of criminal

possession of a weapon in the third degree for possessing a razor blade after having been convicted of a prior crime in violation of New York Penal Law § 265.02(1).  Count Four charged the petitioner with attempt to commit the crime of grand larceny in the fourth degree for attempting to steal property from Larry Steele in violation of New York Penal Law §§ 110.00, 155.30(5).

In response to the petitioner's motion, the trial court dismissed the attempted robbery counts because the evidence was legally insufficient to establish the element of force. (See Decision and Order of Justice White, March 6, 2003, attached as Ex. E to Litsky Decl.)  The only remaining charges against the petitioner were one count of criminal possession of a weapon in the third degree and one count of attempted grand larceny in the fourth degree.  (See id.)

On May 13, 2003, the petitioner pleaded guilty to both remaining counts in satisfaction of his indictment, with the understanding that he would be sentenced to two to four years, the minimum the law provides on the third count, to which the fourth count would be merged by operation of law.  (See Plea Allocution Tr. 9-10, 12-13, May 13, 2006.)  During the plea allocution, Justice Allen reviewed the charges against the petitioner and confirmed that the petitioner had sufficient time to discuss his decision to plead guilty with his attorney, that he understood that he was giving up his right to trial by jury

and other trial rights, and that no threats or promises other than the agreed-upon sentence had been made to him.  (See id. at 10-13.)  Before accepting the petitioner's guilty plea, Justice Allen confirmed by the petitioner's own testimony that the petitioner had in fact possessed a razor blade at the time he was arrested, and "was going to remove an object from someone's pocket that [he] found sleeping on the train."  (Id. at 12.)

On May 27, 2003, while appearing for sentencing before Justice Allen, the petitioner submitted a pro se motion to withdraw his guilty plea pursuant to New York Criminal Procedure Law § 220.60(3).  (See Aff. of Gregory Kellam in Supp. of Mot. for Withdraw of Plea ("Kellam Aff."), May 21, 2003, attached as Ex. G to Litsky Decl.; Sentence Tr. 2, May 27, 2003.)  In his motion the petitioner alleged, among other things, that he was not guilty, that he had been coerced into pleading guilty by the court, the prosecutor, and his defense attorney (Kellam Aff. ¶¶ 4, 9) and that charges had been added to his indictment (see Aff. of Service, May 21, 2003, attached as Ex. G to Litsky Decl.).  Justice Allen denied the petitioner's motion (Sentence Tr. 12) noting that the petitioner could raise these issues on appeal (id. at 13).  After an extended speech, the defendant said that he did not want to say anything else and said "Get me out of here."  (Id. at 16.)  The petitioner was then sentenced

4

in absentia to the agreed-upon sentence of two to four years on the weapon charge. (See id. at 15; Plea Tr. 7-8).[1]

In November 2004, new counsel appointed for the petitioner's state appeal filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967) and People v. Saunders, 384 N.Y.S.2d 161 (App. Div. 1976), advising the Appellate Division, First Department that there were no non-frivolous issues to be raised on appeal, and requesting permission to withdraw as counsel for the petitioner. (See Br. for Def.-Appellant to App. Div., Nov. 2004, at 10, attached as Ex. H to Litsky Decl.) In an opinion dated January 25, 2005, the Appellate Division unanimously affirmed the petitioner's conviction and sentence, and granted the application to withdraw as counsel, agreeing with the petitioner's assigned counsel "that there are no non-frivolous points which could be raised on this appeal." People v. Kellam, 787 N.Y.S.2d 876, 876 (App. Div. 2005). In February 2005 the petitioner filed a timely pro se application for leave to appeal to the New York Court of Appeals, raising, among other issues, the claims that are addressed in the petitioner's

---

[1] The court did not announce a sentence on the misdemeanor charge, attempted grand larceny in the fourth degree, to which the petitioner had pleaded guilty (Plea Tr. 13). However former counsel for the petitioner notes in her Anders brief that the sentence and commitment sheet shows that the petitioner was sentenced to one year in prison for the misdemeanor charge, to be served concurrently with the sentence for the weapon possession, as provided for in the plea allocution. (Br. for Def.-Appellant to App. Div., First Dep't at 6 n.3, Nov. 2004, attached as Ex. H to Litsky Decl.) The misdemeanor sentence merges into the felony sentence by operation of law. N.Y. Penal Law § 70.35.

current habeas corpus petition.  (See Letter to Hon. Stuart M. Cohen, received Feb. 28, 2005, attached as Ex. K to Litsky Decl.)  The Court of Appeals denied leave to appeal on July 5, 2005.  People v. Kellam, 835 N.E.2d 671 (N.Y. 2005) (table).

The petitioner originally filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of New York, dated February 4, 2005.  The petitioner filed an amended petition on March 30, 2005.  By order dated January 4, 2006, the court directed the petitioner to file a second amended petition to demonstrate that he had fully exhausted his state court remedies and complied with Rule 2 of the Rules Governing Habeas Corpus Proceedings.  (See Order of Judge McAvoy at 2, Jan. 4, 2006.)  Thereafter, the petitioner filed his current petition, dated January 6, 2006 (Second Am. Pet. for Writ of Habeas Corpus, attached as Ex. M to Litsky Decl.) and the petition was transferred to this Court.

## II.

The petitioner's claims are unexhausted and procedurally barred because the petitioner failed to raise any of his three claims before the Appellate Division on direct appeal.  A petitioner in a habeas corpus proceeding must exhaust all available state court remedies for each claim prior to federal review.  See 28 U.S.C. § 2254(b),(c); Daye v. Attorney General

6

of New York, 696 F.2d 186, 190 (2d Cir. 1982) (en banc); Caballero v. Keane, 42 F.3d 738, 740 (2d Cir. 1994).  The exhaustion requirement requires the petitioner to have fairly presented in state court the claims which are raised in the habeas petition.  See Picard v. O'Connor, 404 U.S. 270, 275-76 (1971); Gonzalez v. Sullivan, 934 F.2d 419, 422 (2d Cir. 1991). The petitioner must present to the state court both the factual and legal premises of the claims.  See Daye, 696 F.2d at 191. The Supreme Court has held that

> [b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  To do this, "the prisoner must fairly present his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (internal citations omitted).  While the petitioner raised the claims contained in his habeas petition in his letter to the New York Court of Appeals requesting leave to appeal, that effort was insufficient to exhaust these claims.  See Lurie v. Wittner, 228 F.3d 113, 124 (2d Cir. 2000) ("Presenting a claim for the first time to a state court of discretionary review is

7

insufficient to exhaust the claim unless the court considers it." (citing <u>Castille v. Peoples</u>, 489 U.S. 346, 351 (1989))); <u>Lewis v. Dufrain</u>, 392 F. Supp. 2d 498, 502 (W.D.N.Y. 2005) (holding that a claim remained unexhausted where it had been raised for the first time to the New York Court of Appeals, but had not been presented to the Appellate Division (citing <u>Lurie</u>, 228 F.3d at 224)). Therefore the petitioner's claims remain unexhausted because he has not presented his claims in each appropriate state court to complete a full round of appellate review.

Moreover, the petitioner's claims could not now be raised in the state court because they could have been, but were not, raised on direct appeal in state court. <u>See</u> N.Y. Crim. Proc. L. § 440.10(2)(c); <u>see also</u> <u>Aparicio v. Artuz</u>, 269 F.3d 78, 89-90 (2d Cir. 2001); <u>Glover v. Portuondo</u>, No. 96 Civ. 7616, 1999 WL 349936, at *6 (S.D.N.Y. May 28, 1999). The petitioner is procedurally barred from raising any of the claims addressed in his § 2254 habeas petition because they were not raised on direct appeal to the Appellate Division. In her <u>Anders</u> brief to the Appellate Division, counsel for the petitioner found no non-frivolous issues for appeal and did not even note for the court any of the issues petitioner now raises.

The petitioner's failure to raise his claims on direct appeal bars them from federal habeas review unless he shows

8

cause and prejudice or a fundamental miscarriage of justice to overcome the procedural default, and there is no such showing in this case.  See Edwards v. Carpenter, 529 U.S. 446, 451 (2000) ("We therefore require a prisoner to demonstrate cause for his state-court default of any federal claim, and prejudice therefrom, before the federal habeas court will consider the merits of that claim." (internal citations omitted) (emphasis in original)); Coleman v. Thompson, 501 U.S. 722, 749-50 (1991); Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 633 (2d Cir. 2001).  In addition to the petitioner's failure to show any cause why he could not raise these issues on direct appeal, because all claims raised in the petitioner's habeas petition are without merit for the reasons discussed more fully below, the petitioner cannot show any prejudice from the rulings about which he now complains.  See Cappiello v. Hoke, 698 F. Supp. 1042, 1052 (E.D.N.Y.) (petitioner's claims are prejudicial only if such claims are meritorious), aff'd, 852 F.2d 59 (2d Cir. 1988) (per curiam).  This is also not a case where the petitioner's procedural default should be excused to prevent a fundamental miscarriage of justice.  See Coleman, 501 U.S. at 750.  There is nothing in any of the claims alleged by the petitioner that undermines his plea of guilty or asserts his innocence.  Accordingly, the petitioner's claims are procedurally barred from consideration on this petition.

9

**III.**

In any event, all of the petitioner's claims would be denied on the merits.  See 28 U.S.C. § 2254(b)(2).  The petitioner's first claim, that the trial court added an offense not charged by the indictment, is unsupported by the record.  The petitioner was charged in the indictment with criminal possession of a weapon in the third degree and attempted grand larceny in the fourth degree, which are the offenses to which he pleaded guilty.  (See Indictment 2; Plea Tr. 10, 12-13.)

Moreover, none of the petitioner's claims are cognizable because the petitioner is barred from raising independent claims relating to alleged deprivations of constitutional rights that occurred prior to the entry of his guilty plea.  See Tollett v. Henderson, 411 U.S. 258, 267 (1973); Whitehead v. Senkowski, 943 F.2d 230, 233 (2d Cir. 1991).  The petitioner's knowing and voluntary guilty plea waived his ability to raise all of his claims.  (See Plea Tr. 4-14.)  Thus, because the petitioner knowingly, voluntarily and intentionally pleaded guilty on May 13, 2003, the petitioner's claims relating to events that occurred prior to the entry of the guilty plea are not a basis for habeas review.[2]  See Tollett 411 U.S. at 267.

---

[2] While subsequent to his plea allocution the petitioner filed a motion to withdraw his plea alleging his innocence and that he had been coerced into pleading guilty, his unequivocal admissions directly contradict his unsupported assertions of pressure and innocence.  Considering that statements at a plea allocution carry a strong presumption of veracity,

10

In addition, the petitioner's second and third claims, that a police officer gave false testimony before the Grand Jury and that the evidence before the Grand Jury was insufficient, are not cognizable because a guilty plea waives any such claim of alleged impropriety before the Grand Jury.  See Lopez v. Riley, 865 F.2d 30, 32-33 (2d Cir. 1989) (claims of deficiencies in state grand jury proceedings are not cognizable in a habeas corpus proceeding); Alston v. Ricks, No. 01 Civ. 9862, 2003 WL 42144, at *7 (S.D.N.Y Jan. 7, 2003) ("[A] guilty plea extinguishes the ability of a habeas petitioner to raise a claim regarding misconduct before a grand jury."); Siao-Pao v. Keane, 878 F. Supp. 468, 469 (S.D.N.Y. 1995) (where petitioner pleaded guilty, a claim that the prosecution presented false statements to the grand jury for the purpose of procuring an indictment was not reviewable on a habeas petition (citing Tollett, 411 U.S. at 467)).

Moreover, the petitioner's third claim, that the evidence before the Grand Jury was legally insufficient, is not cognizable because a challenge to the sufficiency of a state indictment is not a claim cognizable on habeas review.  See, e.g., United States ex rel. Mintzer v. Dros, 403 F.2d 42, 43 (2d Cir. 1967) (per curiam) ("Habeas corpus is not available to test

---

and that the "subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal," see Blackledge v. Allison, 431 U.S. 63, 74 (1977), the trial court did not abuse its discretion in denying the petitioner's motion.

the sufficiency of the indictment." (citing United States ex rel. Tangredi v. Wallack, 343 F.2d 752 (2d Cir. 1965))).

## CONCLUSION

For the reasons explained above, the petition for habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.  The Court declines to issue a certificate of appealability because the petitioner has failed to make a substantial showing of the denial of a constitutional right.  See 28 U.S.C. § 2253(c).  The Clerk of the Court is directed to enter Judgment dismissing the petition and closing this case.

**SO ORDERED.**

Dated:   New York, New York
         July 10, 2007

                                          _____
                                          John G. Koeltl
                                          United States District Judge